Drake, J.
'delivered the opinion of the court.
By the* state of facts agreed on, and submitted to us, in this cause, it appears that Stockton, one of the defendants *(and under whom the other defendants hold) being seized of an estate in fee simple of the premises in question, and being indebted to the lessor of the plaintiff in a considerable sum of money, to secure the payment thereof, conveyed the premises to her, by his indenture of mortgage, duly executed and recorded; that, upon his failure to pay the money when due, she united with a subsequent mortgagee of the same premises, in instituting proceedings in the Court of Chancery for the foreclosure and sale thereof; *371 and tliat, by virtue of a decree obtained in that court, and a writ of fieri facias issued thereon, the premises were advertised and sold by the sheriff of the county of Hunterdon, .and by him conveyed to the lessor of the plaintiff, as the highest bidder for the same.
This action is brought to recover the possession of the mortgaged premises. To which, the defendants object, in the first place,
Because they consider that there were many irregularities in the proceedings in Chancery, and also in the sheriff’s sale, which vitiate and make null the deed of conveyance .executed by him.
I shall not attempt to review the several reasons urged iu .behalf of the defendants on this point, as the view I shall take of the case does not require it. I would remark, however, that after examining the state of tho case with reference to those reasons, my impression is, that none of them is sufficient to invalidate the sheriff’s title.
The defendants, in the next place, assuming that the sheriff’s deed is void and conveys no title, insist that the lessor of the plaintiff cannot avail herself of her original mortgage, in this action, for two reasons:
1st. Because the mortgage did not vest in her the legal ■estate.
This is'alleged to be the established law of New Jersey since the decision of the case of Montgomery v. Bruere, by the Court of Appeals, 2 South. 864, confirming the opinion of one of the justices of this court, 1 South. 260. But although, for most purposes, the legal estate does remain in the mortgagor, yet it has never been held, in New Jersey, that an ejectment will not lie by the mortgagee to recover possession of the mortgaged premises, nor is any such doctrine countenanced by the case cited; *but, on the contrary, in tho very opinion relied upon, in page 279, it is distinctly conceded that the right of possession is in the *372 mortgagee. Now ejectment is a possessory action, and the-person having the right of ■ possession is entitled to maintain it. And
2d. Because even if the mortgage did once confer this-right, the mortgagee has divested herself of it by filing a bill in connection with a second mortgagee, procuring an order of sale, and actually accepting the sheriff’s deed for the premises.
These proceedings, although held by the defendants to be-entirely void, are supposed to interfere with, and destroy,, all right of action on the original mortgage; But why this should be the effect of them it is not easy to discern. By bidding at the sheriff’s sale, and accepting a deed, Jane Hart acknowledged no title inconsistent with her own. That act was intended to come in aid of her mortgage, and to perfect-her title. Such would be its effect if the proceedings are-valid. But if they are void, it is not perceived how they could take away her right of action on her mortgage. There-is nothing in the nature of these proceedings which divests, or suspends, the legal estate and right of possession, until a. sale takes place. By that, the estate of both mortgagor and mortgagee are transferred to the purchaser. In this case,. Jane Hart was herself the purchaser, and of course, if the sale was valid, has a right to recover by virtue of it; but if not valid, her mortgage title must remain. A mortgagee-may bring ejectment pending a bill to foreclose. There may be circumstances under which a court of equity will interfere, but when it does, it generally requires the mortgagor to give security to redeem. Powell on Mortgages, 477.
Another objection, urged by the defendants, is that they are entitled to notice to quit, and none has been given. The state of the case discloses that the tenants hold under the mortgagor by lease subsequent to the mortgage, as tenants from year to year. There is no pretenceof any contract with, or recognition of them, by -the-mortgagee. Under such circumstances they are no more *373 ■entitled to notice than the mortgagor. If they were, it would suggest an easy mode of detaining the possession from the mortgagee for at least one year. But it has never *beeu held, in New Jersey, that the mortgagor is entitled to notice to quit. Our practice on that subject conforms to the English doctrine as stated in Adams on Ejectment, p. 106.
My opinion then is, that the lessor of the plaintiff is entitled to the possession by virtue of her original mortgage, even if the decree and sale are void; and therefore that judgment should be entered for the plaintiff.
Judgment for plaintiff.